```
                IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF MARYLAND
```

| | |
|---|---|
| IN RE: | * |
| | * |
| Carrie Parker | * CASE NO. 14-25552 |
| | * Chapter 13 |
| | * |
| Debtors | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

OBJECTION TO PROOF OF CLAIM FILED BY NATIONSTAR MORTGAGE LLC

Carrie Parker debtor, by his attorney, Joseph K. Githuku, pursuant to 11 U.S. Code § 501, 11 U.S. Code § 502 and Rules 3007of the Federal Rules of Bankruptcy Procedure hereby files this objection against Nationstar Mortgage LLC ("Nationstar") for the determination of the validity of the respondent's claim and as grounds therefore respectfully represents that:

1. This Court has jurisdiction over this objection pursuant to 28 U.S.C. §§157, 1334(b), 501 and 502 as well as Rule 3007of the Federal Rules of Bankruptcy Procedure.

2. On October 8, 2014, Carrie Parker ("debtor") filed a Voluntary Petition under Chapter 13 commencing in this Court Case No. 14-25552.

3. Nationstar Mortgage LLC ("Nationstar") is a lending institution, is engaged in the business of lending money to the consuming public and does business within the State of Maryland.

4. Nationstar has filed a proof of claim alleging a secured claim in the amount of $127,272.03 post-petition arrears in the amount of $33,527.20 and the annual interest rate is listed as 11.09%. Ex. 1. Nation Star Proof of Claim.

5. Debtor received a loan from Nationstar on or around November 16, 2006 in the amount of $82,800.00 at yearly interest rate of 11.090%. Ex 2. See Attached Note.

6. Debtor observes that the interest rate is unjustifiably high and may be an example of predatory lending that characterized the mid to late 2000s leading to the foreclosure crisis. Freddie Mac collection of thirty year fixed interest rates since 1971 indicates that the rate was 6.24% in

November of 2006. Ex. 3. Freddie Mac Rates.

7. The mortgage is secured by debtor's home 5414 Bucknell Rd, Baltimore, MD 21206.

8. Debtor received a loan modification on or around October 1, 2009 from Nationstar. Ex. 4 See attached Loan Modification Agreement.

9. According to the modification, debtor was to pay $461.76 per month between October 1, 2009 and September 1, 2011. Thereafter, debtor was to pay principal and interest in amount of $936.29.

10. At some point debtor's interest rate was lowered to 2% as reflected in the attached monthly statement. Ex. 5. Nationstar Monthly Statement.

11. Based on the 2% interest rate, Debtor argues that the calculation of post-petition arrears is clearly wrong because it utilizes a different interest rate.

12. Furthermore, the calculation of the secured claim is also incorrect because it is also based on the incorrect interest rate.

13. That Debtor alleges Nationstar violated the Truth in Lending Act, 15 U.S.C. §1601 ("TILA"), 12 C.F.R 226 (hereinafter referred to as "Regulation Z"), the Real Estate Settlements and Procedures Act and that said violations have resulted in damages.

14. That pursuant to 15 U.S.C. §1640(e):

> This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

15. Pursuant to Regulation Z, Nationstar is required to disclose:

(i) The fact that the interest rate, payment, or term of the loan can change.

(ii) The index or formula used in making adjustments, and a source of information about the index or formula.

      (iii) An explanation of how the interest rate and payment will be determined, including an explanation of how the index is adjusted, such as by the addition of a margin.

      (iv) A statement that the consumer should ask about the current margin value and current interest rate.

      (v) The fact that the interest rate will be discounted, and a statement that the consumer should ask about the amount of the interest rate discount.

      (vi) The frequency of interest rate and payment changes.

      (vii) Any rules relating to changes in the index, interest rate, payment amount, and outstanding loan balance including, for example, an explanation of interest rate or payment limitations, negative amortization, and interest rate

16. That Nationstar did not provide the required disclosures causing the debtor to incur considerable interest-related costs.

17. Therefore, debtor is entitled to recoup these costs and receive credit for the same against Nationstar's claim.

WHEREFORE, Carrie Parker debtor, respectfully requests that this Honorable Court:

A) Enter an Order disallowing Nationstar's claim as filed;

B) Enter an Order directing Nationstar's claim be reduced by losses incurred by the debtor as a result of the Truth in Lending Act violations;

C) Award to the debtor such other and further relief as is just and proper.

/s/ Joseph K. Githuku
Joseph K. Githuku
Trial Bar No. 29246
9407 Harford Rd
Baltimore, MD 21234
(410) 849-9529
Facsimile: (443) 927-7316
EMAIL: jgithuku@410law.com
Attorney for debtor/movant

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this February 10, 2015, a copy of the foregoing motion to determine extent of secured lien was served electronically or by first class mail, postage prepaid, to:

Assistant U.S. Trustee
Suite 2625, 101 W. Lombard St.
Baltimore, MD 21201

Ms. Ellen W. Cosby
Chapter 13 Trustee
Ellen W. Cosby
300 E. Joppa Rd,
#409
Baltimore, MD 21286

Nationstar Mortgage LLC
Bankruptcy Department
PO Box 630267
Irving, TX 75063

Weinstein & Riley, BK Services
2001 Western Ave #400
Seattle, WA 98121

/s/ Joseph K. Githuku
Joseph K. Githuku

IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: | * |
|  | * |
| Carrie Parker | * CASE NO. 14-25552 |
|  | * Chapter 13 |
|  | * |
| Debtors | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM FILED BY NATION STAR MORTGAGE LLC

Upon consideration of the Debtor's Objection and any response thereto IT IS HEREBY

ORDERED that the objection filed by the debtor to the claim filed by Nationstar Mortgage LLCs is sustained;

ORDERED that any claim held by Nationstar Mortgage LLC shall be reduced by losses incurred by the debtor as a result of the Truth in Lending Act violations.